**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE No. 2:05-cr-20014(2) |
| VERSUS | : | JUDGE ROBERT G. JAMES |
| CHRISTIAN SENECA FIELDS | : | MAG. JUDGE KATHLEEN KAY |

**MEMORANDUM RULING**

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 by defendant Christian Seneca Fields. Doc. 246. This matter is before the court for initial review under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts.

## I.
### BACKGROUND

Pursuant to a plea agreement, Fields was convicted in this court on November 4, 2010, of one count of conspiracy to possess with intent to distribute methamphetamine, cocaine base, and marijuana, a violation of 21 U.S.C. § 846, and one count of possession and carrying of a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1). Docs. 168, 169; *see* doc. 1 (indictment). He was then sentenced on March 3, 2011, to 240 months of imprisonment on the drug trafficking charge and 60 months on the firearm charge, with the sentences to run consecutively to each other. Docs. 187, 191. He appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed the conviction but determined that the trial court had erred in determining that he was subject to a ten-year

mandatory minimum sentence for the drug trafficking conviction based on the amount of drugs admitted to in his plea agreement. Doc. 211. Accordingly, it vacated the original sentence and remanded the case for resentencing. *Id.* On July 25, 2013, the trial court sentenced Fields to consecutive terms of 120 months of imprisonment on the drug trafficking charge and 60 months on the firearm charge. Doc. 217. The judgment was entered on August 6, 2013. Doc. 220.

On November 17, 2014,[1] Fields filed a pro se Motion to Reduce Sentence under 18 U.S.C. § 3582, based on amendments to the United States Sentencing Guidelines. Doc. 228. Counsel was appointed under the court's standard procedural order for such motions, and the court denied the motion on September 7, 2015. Docs. 229, 230, 235. Fields then filed the instant pro se Motion to Vacate under 28 U.S.C. § 2255, on July 10, 2018. Doc. 246. He argues that he is entitled to relief from his firearm possession conviction and sentence under the Supreme Court's recent decision in *Sessions v. Dimaya*, __ U.S. ___, 138 S.Ct. 1204 (2018). *Id.*

## II.
### LAW AND ANALYSIS

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). A motion filed under § 2255 is subject to a one-year limitations period, running from the latest of the following dates: (1) when the judgment became final; (2) when a government-created impediment to filing the motion was removed; (3) when the United States Supreme Court

---

[1] Under the prison mailbox rule, this court treats pleadings by inmates as filed on the date that the inmate states that he surrendered the document to prison authorities for mailing. If this date is not provided, the court looks to the date that the pleading was received and filed in this court.

initially recognized and made retroactively applicable the legal predicate for the motion; or (4) when the petitioner could have discovered, through due diligence, the factual predicate for the motion. 28 U.S.C. § 2255(f). The limitations period is not jurisdictional and is subject to equitable tolling. *Parra-Martinez v. United States*, 2015 WL 9244611, at *3 (W.D. Tex. Dec. 16, 2015) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling is only appropriate, however, in "rare and exceptional circumstances" and "is not intended for those who sleep on their rights." *Id.* (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)).

When a conviction is affirmed but remanded for resentencing, the judgment of conviction becomes final under § 2255(f)(1) when both the conviction and new sentence become final "by the conclusion of direct review or expiration of time for seeking such review." *United States v. Messervey*, 269 Fed. App'x 379, 380 (5th Cir. 2008) (per curiam) (unpublished) (citing *Burton v. Stewart*, 549 U.S. 147 (2007)). Fields did not file a notice of appeal as required under Federal Rule of Appellate Procedure 4(b)(1) after the judgment was entered on August 6, 2013, nor did he file an extension for same under Rule 4(b)(4). Fields's time for filing a notice of appeal expired on August 20, 2013, finalizing the judgment and starting the one-year limitations period under § 2255(f)(1). *United States v. Plascencia*, 537 F.3d 385, 389–90 (5th Cir. 2008); *see* Fed. R. App. P. 4(b). Fields, however, argues that he is entitled to relief under *Dimaya*, supra, which was decided on April 17, 2018. If *Dimaya* applies to his motion, he is well inside the one-year statute of limitations under § 2255(f)(3).

When a defendant is convicted of certain crimes involving firearms, the court applies the sentencing provisions in 18 U.S.C. § 924. Under the Armed Career Criminal Act ("ACCA"), 18

U.S.C. § 924(e), persons convicted of a violation of 18 U.S.C. § 922(g)[2] who have at least three previous conviction "for a violent felony or a serious drug offense" are subject to enhanced penalties. In *Johnson v. United States*, __ U.S. ___, 135 S.Ct. 2551 (2015), made retroactively applicable in *United States v. Welch*, __ U.S. ___, 136 S.Ct. 1257 (2016), the Court held that a portion of the statutory definition of a "violent felony" in the ACCA's "residual clause," at § 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S.Ct. at 2563. Thus, a sentence enhancement based on that provision violated a defendant's right to due process. *Id.* In *Dimaya*, the court also invalidated the definition of a "crime of violence" under 18 U.S.C. § 16(b) of the Immigration and Nationality Act. 138 S.Ct. at 1221–23. Accordingly, it remanded to the Fifth Circuit a case challenging the validity of the "crime of violence" definition under 18 U.S.C. § 924(c)(3). *United States v. Davis*, 677 Fed. App'x 933 (5th Cir. 2017), *vacated and remanded*, 138 S.Ct. 1979 (2018). The Fifth Circuit then determined that the residual clause, but not the elements clause, of § 924(c)(3) was unconstitutionally vague and reversed the defendants' convictions under § 924(c) where the "crime of violence" determination was made under the residual clause at § 924(c)(3)(B). *United States v. Davis*, 903 F.3d 483, 485–86 (5th Cir. 2018).

Fields's conviction, however, was not based on possession of a firearm during a crime of violence under § 924(c)(3), whether defined under the residual clause or elements clause. Instead, it was based on his possession of a firearm during a drug-trafficking crime, as defined under § 924(c)(2). There is no plausible vagueness challenge to that clause under *Johnson* or any of its progeny. *See, e.g.*, *James v. United States*, 2018 WL 3469735, at *3 (W.D. La. Jun. 7, 2018), *report and recommendation adopted*, 2018 WL 3469208 (W.D. La. Jul. 18, 2018); *Coleman v.*

---

[2] Section 922(g) makes it unlawful for several categories of people, including convicted felons, "to ship or transport in interstate or foreign commerce . . . any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

*United States*, 2017 WL 6761766, at *2 (N.D. Tex. Oct. 27, 2017); *Russaw v. United States*, 2018 WL 2337301, at *5 (W.D. La. May 23, 2018). Accordingly, the one-year statute of limitations for this motion began to run under § 2255(f)(1) in August 2013. Because Fields has not asserted any basis for equitable tolling, his time to seek relief under § 2255 expired in August 2014, and the instant untimely § 2255 motion will be dismissed with prejudice.

**THUS DONE** in Chambers this 24th day of October, 2018.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE